State vs. Brooks.

---

No. 9126.

### THE STATE OF LOUISIANA VS. WILLIAM BROOKS.

The additional jurors, which the Act of 1877 empowers the judge to have drawn, are a part of the regular panel, and their names should be placed in the jury box along with those drawn before the meeting of court, and are to be offered for acceptance or rejection as chance may determine.

A jury law with its complex details must be so construed as equally to conserve the interests of the public in the vindication of law and order, and to guard the right of individuals to a fair and impartial trial.

APPEAL from the Twelfth District Court, Parish of Rapides. *Blackman*, J.

*J. C. Egan*, Attorney General, for the State, Appellee.

*H. J. Hertzog* and *R. P. Hunter* for Defendant and Appellant.

---

The opinion of the Court was delivered by

MANNING, J. The prisoner was convicted of murder and was sentenced to be hanged. The case comes up on a single bill of exception, and on this state of facts.

State vs. Brooks.

Jurors had been drawn for the term, a certain member for each week, as usual. The term had progressed until the judge, admonished by the state of the docket, ordered thirty additional jurors to be drawn for the third week. The objection appears to be, not to the drawing by the commissioners, but to depositing the names of the additional jurors in the jury box used in court, thereby mixing them with the regular jurors already therein for that week.

That was the proper place to put them. These additional jurors are a part of the panel, so made by the act which empowers the judge to have them drawn as regular jurors, Sess. Acts 1877, p. 57 sec. 7, and their names should be with the others of the regular panel previously drawn for the service of that week.

The reason urged for the objection is that the law requires the publication of the names of jurors drawn for a term, and that persons accused of crime thereby have the advantage of knowing beforehand who are to be offered to them to pronounce their guilt or innocence, and should therefore have the privilege of first accepting or rejecting those thus published before any others are tendered them.

To all appearance the statute has gone a great way to facilitate the escape of the criminal class from punishment when it gives them information who are to be their triers long enough before trial to enable an accused to tempt their integrity, and thus sap the foundation of trial by jury. But that which the law may give, it may withhold, and it has not directed the publication of these additional jurors' names, nor given to them the quality of talesmen, but has made them an addition to the regular panel, like them to be offered as chance may determine.

That construction of the jury statute will best subserve the purposes of justice which ignores verbal and technical objections, when no great wrong has been committed, and such is the spirit as well as the letter of that law when it directs that certain irregularities shall not be considered important. *Ibid.* sec. 10. A jury law with its complex details may be made by construction either an inflexible piece of mechanism, which shall hinder and obstruct the administration of justice and in no wise fulfill the purpose for which it was framed; or it may be moulded into a harmonious system of judicious rules for the selection of good men and true, equally adapted to conserve the interests of the public in the vindication of law and order, and to guard the right of individuals to a fair and impartial trial. Our duty is to redress the tendency to the first method and to hold the last steadily in view.

Judgment affirmed.